No. 26-1108

# In the U.S. Court of Appeals for the District of Columbia Circuit

PETER WIILIAMS,
*Petitioner*,

v.

ENVIRONMENTAL PROTECTION AGENCY; LEE M. ZELDIN, ADMINISTRATOR, *in his official capacity as Administrator of the Environmental Protection Agency*,

*Respondents*.

## PETITION FOR REVIEW OR, ALTERNATIVELY. A WRIT OF MANDAMUS

Lawrence J. Joseph
1250 Connecticut Ave, NW, Suite 700-1A
Washington, DC 20036
Tel: 202-899-2987
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Petitioner Peter Williams*

<u>**CERTIFICATE AS TO PARTIES, RULINGS,**</u>
<u>**AND RELATED CASES**</u>

Counsel for petitioner Peter Williams updates the Certificate of Parties, Rulings, and Related Cases filed on February 23, 2026 (Document #2160637).

**A.** <u>**Parties and *Amici***</u>

The parties and amici curiae are as follows:

1. Petitioner is Peter Williams, an applicant for hydrofluorocarbon allowances as a new market entrant under a cap-and-trade program, 40 C.F.R. § 84.15, promulgated by the respondent Environmental Protection Agency ("EPA").

2. Respondents are EPA and its Administrator in his official capacity.

3. No person or entity has appeared as an *amicus curiae*.

**B.** <u>**Rulings under Review**</u>

The rulings under review are EPA's denial of Williams' new-market-entrant application under 40 C.F.R. §84.15, which also includes various "preliminary, procedural, or intermediate agency action" pursuant to 5 U.S.C. §704, related EPA final action and inaction on Williams' rulemaking petition dated May 16, 2025, on 40 C.F.R. §84.11(b)(1) and Williams' recusal petitions dated April 30 and December 19, 2024, and May 16, 2025, and EPA noncompliance with 5 U.S.C. §555(e).

**C.** <u>**Related Cases**</u>

There are three pending related cases within the meaning of this Court's Local Rule 28(a)(1)(C).

1. *Williams v. Newberg*, No. 1:24-cv-3471-RBW (D.D.C. filed Dec. 12, 2024), is an action styled against two sets of defendants: (a) individual-capacity EPA staff involved in the treatment of petitioner's application and administrative petitions; and (b) official-capacity and entity defendants for review under the APA and equity review, as well as the Clean Air Act's citizen-suit provision for directing EPA's Administrator to take nondiscretionary actions unlawfully withheld or unreasonable delayed. The pleadings are not yet set, and there is a pending motion for leave to file an amended and supplemented complaint to revise the APA/judicial review claim and to add two Clean Air Act citizen-suit claims.

2. *Willaims v. EPA*, No. 26-1021 (D.C. Cir. filed Jan. 20, 2026), is a petition for review that involved similar legal issues and the same parties, but a different predicate for triggering the 60-day window in 42 U.S.C. §7607(b)(1).

3. *Williams v. EPA*, No. 25-1071 (U.S. filed March 9, 2026), which seeks review of the dismissal of No. 24-1386. The Supreme Court denied the petition today, and the petitioner has not yet decided whether to seek rehearing.

In addition, this action overlaps with three closed cases. In *Willaims v. EPA*, No. 22-1314 (D.C. Cir.), *In re Williams*, No. 23-1269 (D.C. Cir.), *Willaims v. EPA*, No. 23-1340 (D.C. Cir.), and *Willaims v. EPA*, No. 24-1386 (D.C. Cir.).

**D.    <u>Disclosure Statement</u>**

Petitioner Williams remains a natural person, for whom FED. R. APP. P. 26.1 and Circuit Rule 26.1 do not require a disclosure statement.

Dated: May 4, 2026                    Respectfully submitted,

/s/ Lawrence J. Joseph
_____
Lawrence J. Joseph

1250 Connecticut Ave, NW, Suite 700
Washington, DC 20036
Tel: 202-899-2987
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Petitioner Peter Williams*

# TABLE OF CONTENTS

Certificate as to Parties, Rulings, and Related Cases ....................................................i

    A. Parties and *Amici* ...............................................................................i

    B. Rulings under Review ...........................................................................i

    C. Related Cases.......................................................................................i

    D. Disclosure Statement ....................................................................... iii

Table of Authorities ...................................................................................vi

Addendum .................................................................................................xvi

Glossary....................................................................................................xix

Petition for Review or Writ of Mandamus ...................................................1

Introduction and Summary of Argument......................................................1

Statement of Jurisdiction..............................................................................3

Relief Requested ..........................................................................................3

Issues Presented ...........................................................................................3

Statutes and Regulations ..............................................................................3

Statement of the Case ...................................................................................3

Standard of Review ......................................................................................7

Argument......................................................................................................9

I. Williams has a clear right to relief.........................................................9

    A. This Court has jurisdiction. ..............................................................9

        1. This Court has statutory subject-matter jurisdiction. .................9

        2. Williams has Article III standing. ...........................................10

        3. Williams' challenge is ripe.......................................................10

    B. Williams' challenge is timely..........................................................11

        1. Williams files within 60 days of finality and ripeness.............11

        2. The 60-day window is tolled. ..................................................12

        3. Prior EPA action was neither ripe nor final. ...........................13

            a. EPA staff's 2022 actions were neither ripe nor final......13

            b. Goffman's 2024 action was neither ripe nor final. .........13

4. EPA neither ratified—nor noticed ratification of—past action. ...........15

5. Challenge is timely under *BLE*...........................................................15

    a.   Williams presents changed circumstances. ....................................16

    b.   Williams presents new evidence. .................................................17

6. EPA cannot state a laches defense. ....................................................18

C. Williams is clearly entitled to merits relief. ...............................................19

1. EPA's affiliation analysis is legally meritless and irrelevant. ..............19

    a.   EPA's affiliation test conflicts with EPA's regulation. ..................21

    b.   EPA's affiliation test violates the PRA...........................................22

2. EPA's incompleteness rationale is derivative and meritless................24

3. 40 C.F.R. §84.11(b)(1) does not bar relief. ...........................................24

4. EPA has no other basis to deny Williams' application. .......................26

5. EPA has a nondiscretionary duty to grant Williams' application........27

D. EPA cannot assert *res judicata*....................................................................27

1. *Harrow* and EPA's misrepresentations vitiate preclusion based on timeliness. ..............................................................................................27

2. The curable-defect exception applies. ..................................................28

3. Unclean hands prevent EPA's invoking *res judicata*. ..........................28

    a.   EPA staff violated 18 U.S.C. §242. .............................................29

    b.   EPA staff obstructed justice and defrauded the United States........31

    c.   EPA staff violated 18 U.S.C. §208(a)............................................32

II. Williams has no other adequate remedy. ..........................................................33

III. No other rationale bars mandamus relief..........................................................35

IV. If this Court lacks jurisdiction, transfer to the district court is warranted.........36

Conclusion ............................................................................................................37

# TABLE OF AUTHORITIES

## CASES

*Am. Dairy of Evansville, Inc. v. Bergland*,
   627 F.2d 1252 (D.C. Cir. 1980)........................................................................8

*Amoco Oil Co. v. EPA*,
   501 F.2d 722 (D.C. Cir. 1974)..........................................................................7

\* *Arizona v. Inter Tribal Council of Arizona, Inc.*,
   570 U.S. 1 (2013)..............................................................................................7

*Bailey v. Fulwood*,
   793 F.3d 127 (D.C. Cir. 2015).........................................................................29

\* *Bellsouth Corp. v. FCC*,
   17 F.3d 1487 (D.C. Cir. 1994)........................................................................14

*BellSouth Corp. v. FCC*,
   162 F.3d 678 (D.C. Cir. 1998).........................................................................20

\* *Bennett v. Spear*,
   520 U.S. 154 (1997)........................................................... 9, 13-14, 27, 34, 26

*Bobby v. Bies*,
   556 U.S. 825 (2009)................................................................................ 8, 27-28

*Cal. Cmtys. Against Toxics v. EPA*,
   928 F.3d 1041 (D.C. Cir. 2019)........................................................................8

*Camp v. Pitts*,
   411 U.S. 138 (1973)........................................................................................26

*Cannon v. Univ. of Chicago*,
   441 U.S. 677 (1979)........................................................................................29

*CarrAmerica Realty Corp. v. Kaidanow*,
   321 F.3d 165 (D.C. Cir. 2003).........................................................................18

*Cheney v. U.S. Dist. Court*,
   542 U.S. 367 (2004)....................................................................................8, 36

*Ciba-Geigy Corp. v. EPA*,
  801 F.2d 430 (D.C. Cir. 1986)............................................................9

*Citizen's Ass'n of Georgetown v. Fed. Aviation Admin.*,
  896 F.3d 425 (D.C. Cir. 2018)...........................................................14

\* *Citizens to Preserve Overton Park, Inc. v. Volpe*,
  401 U.S. 402 (1971)............................................................................7

\* *City of Waukesha v. EPA*,
  320 F.3d 228 (D.C. Cir. 2003)....................................................... 9-10

*Coal. for Responsible Regulation, Inc. v. EPA*,
  684 F.3d 102 (D.C. Cir. 2012), *rev'd in part on other grounds
  sub nom. Util. Air Regulatory Group v. EPA*, 573 U.S. 302
  (2014)................................................................................................13

*Colorado River Water Conserv. Dist. v. United States*,
  424 U.S. 800 (1976)..........................................................................37

*Combs v. Snyder*,
  101 F.Supp. 531, 532 (D.D.C. 1951), *aff'd without opinion*, 342
  U.S. 939 (1952).................................................................................29

*Consolidated Edison Co. v. Bodman*,
  449 F.3d 1254 (D.C. Cir. 2006)..................................................... 36-37

*Cook Cty. v. United States ex rel. Chandler*,
  538 U.S. 119 (2003)..........................................................................34

*Croplife Am. v. EPA*,
  329 F.3d 876 (D.C. Cir. 2003)............................................................9

*Doe v. District of Columbia*,
  796 F.3d 96 (D.C. Cir. 2015).............................................................30

*Elec. Privacy Info. Ctr. v. Internal Revenue Serv.*,
  910 F.3d 1232 (D.C. Cir. 2018)..........................................................27

*FCC v. ITT World Commc'ns, Inc.*,
  466 U.S. 463 (1984)..........................................................................34

*FCC v. NextWave Personal Communications Inc.*,
    537 U.S. 293 (2003)..................................................................25

\*   *FEC v. NRA Political Victory Fund*,
    513 U.S. 88 (1994)..................................................................15

*Fischer v. United States*,
    603 U.S. 480 (2024)................................................................31

\*   *Friedman v. FAA*,
    841 F.3d 537 (D.C. Cir. 2016)..................................................4

\*   *Garcia v. Veneman*,
    224 F.R.D. 8 (D.D.C. 2004) ............................................ 16-17

*Gull Airborne Instruments, Inc. v. Weinberger*,
    694 F.2d 838 (D.C. Cir. 1982)................................................18

*Harris v. U.S. DOT*,
    122 F.4th 418 (D.C. Cir. 2024)..............................................12

\*   *Harrow v. Dep't of Def.*,
    601 U.S. 480 (2024).........................................................12, 27

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*,
    322 U.S. 238 (1944)................................................................28

*Hicks v. Miranda*,
    422 U.S. 332 (1975)................................................................29

*Indus. Union Dep't v. Bingham*,
    570 F.2d 965 (D.C. Cir. 1977)................................................11

*In re Clinton*,
    973 F.3d 106 (D.C. Cir. 2020)............................................35-36

*In re UMW Int'l Union*,
    190 F.3d 545 (D.C. Cir. 1999)................................................36

*In re Williams*,
    No. 23-1269 (D.C. Cir. Dec. 21, 2023) ................................5, 35

\* *Interstate Commerce Comm'n v. Bhd. of Locomotive Eng'rs,*
482 U.S. 270 (1987).................................................................... 15-16

*Jackson v. Office of the Mayor of D.C.,*
911 F.3d 1167 (D.C. Cir. 2018).......................................................8

*Jasper v. Carter,*
451 A.2d 46 (D.C. 1982) ..........................................................18, 29

*Jennings v. Rodriguez,*
583 U.S. 281 (2018)......................................................................22

*John Doe, Inc. v. DEA,*
484 F.3d 561 (D.C. Cir. 2007)...................................................11, 37

*Kareem v. Haspel,*
986 F.3d 859 (D.C. Cir. 2021)......................................................29

*Keystone Driller Co. v. Gen. Excavator Co.,*
290 U.S. 240 (1933).......................................................................18

*Knox v. Serv. Employees Int'l Union, Local 1000,*
567 U.S. 298 (2012).......................................................................25

*Louisiana Envtl. Action Network v. Browner,*
87 F.3d 1379 (D.C. Cir. 1996).......................................................10

*Lujan v. Nat'l Wildlife Fed'n,*
497 U.S. 871 (1990).......................................................................19

*McCord v. Bailey,*
636 F.2d 606 (D.C. Cir. 1980).......................................................30

*Mexichem Specialty Resins, Inc. v. EPA,*
787 F.3d 544 (D.C. Cir. 2015)................................................ 5, 34-35

\* *Miller v. Harco Nat'l Ins. Co.,*
274 Ga. 387 (2001).......................................................................20

*Montana v. United States,*
440 U.S. 147 (1979)...................................................................8, 27

*Nat'l Ass'n of Home Builders v. EPA*,
786 F.3d 34 (D.C. Cir. 2015).................................................................8, 28

*Nelson v. SEC*,
138 F.4th 514 (D.C. Cir. 2025).................................................................12

*NLRB Union v. FLRA*,
834 F.2d 191 (D.C. Cir. 1987).................................................................25

*Norton v. Southern Utah Wilderness All.*,
542 U.S. 55 (2004).................................................................27

*NRDC v. Wheeler*,
955 F.3d 68 (D.C. Cir. 2020)................................................................. 13-14

*Ohio Forestry Ass'n, Inc., v. Sierra Club*,
523 U.S. 726 (1998).................................................................11

*Patton v. Klein*,
746 A.2d 866 (D.C. 1999) .................................................................8, 28

*Payne Enters., Inc. v. United States*,
837 F.2d 486 (D.C. Cir. 1988).................................................................8

*Physicians for Soc. Responsibility v. Wheeler*,
956 F.3d 634 (D.C. Cir. 2020).................................................................25

*POET Biorefining, LLC v. EPA*,
970 F.3d 392 (D.C. Cir. 2020).................................................................37

*Portland Cement Ass'n v. EPA*,
665 F.3d 177 (D.C. Cir. 2011).................................................................34

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*,
324 U.S. 806 (1945).................................................................29

\* *Pritchett v. Stillwell*,
604 A.2d 886 (D.C. 1992) .................................................................20

*Pub. Citizen Health Research Grp. v. Comm'r, Food & Drug Admin.*,
740 F.2d 21 (D.C. Cir. 1984).................................................................11

*Richardson v. McCabe, Weisberg & Conway*,
  323 A.3d 446 (D.C. 2024) ........................................................................28

*RMS of Ga., LLC v. EPA*,
  64 F.4th 1368 (11th Cir. 2023) ....................................................... 32-33

*Safari Club Int'l v. Jewell*,
  842 F.3d 1280 (D.C. Cir. 2016)................................................................10

*SEC v. Chenery Corp.*,
  318 U.S. 80 (1943).....................................................................................26

*Sendra Corp. v. Magaw*,
  111 F.3d 162 (D.C. Cir. 1997)........................................................ 14-16, 31

*Sierra Club v. Gorsuch,*
  715 F.2d 653 (D.C. Cir. 1983).....................................................................9

*Sierra Club v. Thomas*,
  828 F.2d 783 (D.C. Cir. 1987)............................................................34, 36

*Spagnola v. Mathis,*
  809 F.2d 16 (D.C. Cir. 1986)......................................................................30

*Starbucks Corp. v. McKinney*,
  602 U.S. 339 (2024)....................................................................................25

*Telecomms. Research & Action Ctr. v. FCC*,
  750 F.2d 70 (D.C. Cir. 1984)................................................................34, 36

* *Texas v. United States*,
  523 U.S. 296 (1998).............................................................................10, 14

*Trump v. United States*,
  603 U.S. 593 (2024)....................................................................................31

*Udall v. Littell*,
  366 F.2d 668 (D.C. Cir. 1966)....................................................................29

*United States ex rel. Greylock Mills v. Blair*,
  293 F. 846 (D.C. Cir. 1923)........................................................................18

*United States v. Beebe*,
    180 U.S. 343 (1901)...............................................................15

*United States v. Price*,
    383 U.S. 787 (1966)...............................................................30

\*   *United States v. Western Elec. Co.*,
    12 F.3d 225 (D.C. Cir. 1993)...................................... 21-22, 27

*Walker v. Johnson*,
    798 F.3d 1085 (D.C. Cir. 2015)..............................................2

*Weaver v. Fed. Motor Carrier Safety Admin.*,
    744 F.3d 142 (D.C. Cir. 2014)...............................................37

*Western Org. of Res. Councils v. Zinke*,
    892 F.3d 1234 (D.C. Cir. 2018)..............................................27

*What-A-Burger of Va., Inc. v. Whataburger, Inc.*,
    357 F.3d 441 (4th Cir. 2004) .................................................19

*Whitney Nat'l Bank v. Bank of New Orleans & Tr. Co.*,
    379 U.S. 411 (1965)...............................................................34

\*   *Wilkes-Barre Hosp. Co., LLC v. NLRB*,
    857 F.3d 364 (D.C. Cir. 2017)...............................................15

*Williams v. EPA*,
    No. 24-1386 (Apr. 2, 2025) .....................................................6

*Williams v. EPA*,
    No. 24-1386 (June 25, 2025) ...................................................6

*Yamaha Corp. of Am. v. United States*,
    961 F.2d 245 (D.C. Cir. 1992)............................................8, 28

*Yellow Pages Photos, Inc. v. YP, LLC*,
    856 F.App'x 846 (11th Cir. 2021)...........................................22

*York Grp., Inc. v. Wuxi Taihu Tractor Co.*,
    632 F.3d 399 (7th Cir. 2011) .............................................20-21

**STATUTES**

U.S. CONST. art. III....................................................................................10

U.S. CONST. amend. I..................................................... 22, 29, 36-37

U.S. CONST. amend. V, cl. 4 ...............................................................30

Administrative Procedure Act
    5 U.S.C. §§551-706 ........................... 7, 19, 38, 30, 33-37

5 U.S.C. §555(b) ................................................................27, 30, 36

5 U.S.C. §555(e) ............................................................ 2, 4-6, 16

5 U.S.C. §703 .................................................... 26, 33, 35, 37

5 U.S.C. §704 ........................................................................1

5 U.S.C. §705 ......................................................................26

5 U.S.C. §706 ......................................................................28

5 U.S.C. §706(1) ...................................... 1, 7, 19, 25, 27, 34

5 U.S.C. §706(2)(A)..............................................................7, 25

\*    5 U.S.C. §706(2)(F) ............................................................7

\*     U.S.C. §208(a) ....................................................... 30, 32-33

18 U.S.C. §208(b)(1).............................................................6, 33

18 U.S.C. §242 ............................................................... 29-31

18 U.S.C. §371 .....................................................................31

18 U.S.C. §1001(a)(1)............................................................31

18 U.S.C. §1001(a)(2)............................................................12

18 U.S.C. §1512(c)(1)-(2).......................................................31

18 U.S.C. §1515(a)(1)(A).......................................................31

18 U.S.C. §1515(a)(1)(C) ..................................................31

18 U.S.C. §1519 ................................................................31

26 U.S.C. §7206(1) ...........................................................12

28 U.S.C. §1631 ................................................................37

28 U.S.C. §1651(a) .........................................................1, 9

Clean Air Act,
    42 U.S.C. §§7401-7675 .......................... 7. 33-34, 37

42 U.S.C. §7604(a) .............................................................5

42 U.S.C. §7604(a)(2) .........................................................5

42 U.S.C. §7607(b)(1) ........................... 1-4, 9, 11-13, 15, 26

42 U.S.C. §7607(b)(2) .......................................................26

42 U.S.C. §7607(d) .............................................................7

42 U.S.C. §7607(d)(1)(A)-(U) .............................................7

42 U.S.C. §7607(e) ...........................................................33

American Innovation and Manufacturing Act,
    42 U.S.C. § 7675 ..........................................................2

42 U.S.C. § 7675(k)(1)(B) ..................................................2

42 U.S.C. § 7675(k)(1)(C) ..................................................3

Paperwork Reduction Act,
    44 U.S.C. §§3501-3521 ................... 1, 11, 16, 22-24, 30

44 U.S.C. §3502(14) .....................................................23-24

44 U.S.C. §3506(d)(3) ...................................................23-24

44 U.S.C. §3507(a) .......................................................23-24

44 U.S.C. §3512(a)(1) ...................................................23-24

\*  44 U.S.C. §3512(b) ................................................................... 23-24

\*  O.C.G.A. §14-2-1110(1) ..................................................................21

O.C.G.A. §14-3-865(a)(1) .................................................................7

O.C.G.A. §16-9-121(a)(1) ...............................................................12

O.C.G.A. §16-10-20.1(b)(1)-(2) .....................................................12

PUB. L. NO. 101-549, §707(f),
  104 Stat. 2399, 2683 (1990) ...............................................34, 36

## RULES AND REGULATIONS

5 C.F.R. §1320.5(a)(2) ....................................................................24

5 C.F.R. §1320.5(g) ................................................................. 34-24

5 C.F.R. §2635.402(b)(1)(ii) ..........................................................33

40 C.F.R. §84.11(b)(1)............................................3, 6, 16-17, 24-26, 31

\*  C.F.R. §84.15(c)(2) .......................................................................21

\*  40 C.F.R. §84.15(e)(3) ..............................................................27, 30

88 Fed. Reg. 46,836 (2023) ...........................................................24

## OTHER AUTHORITIES

BLACK'S LAW DICTIONARY 72 (11th ed. 2019)......................................21

BLACK'S LAW DICTIONARY 72 (12th ed. 2024)......................................21

\*  Dep't of Justice, Office of Legal Counsel, *Financial Interests of*
  *Nonprofit Organizations*, 2006 OLC LEXIS 1 (Jan. 11, 2006) .................33

\*  EPA Office of Inspector General, *Report of Investigation: Joseph*
  *Goffman, Assistant Administrator, Office of Air and Radiation*,
  Report No. 24-N-0054 (Aug. 27, 2024) ...................................................32

# ADDENDUM

A.     EPA, Email transmitting Letter from Cynthia A. Newburg, Director, Stratospheric Protection Division, Environmental Protection Agency, to Peter Williams (Mar. 31, 2022)...............................1a

B.     Memo. to File from Cynthia A. Newberg, Director, Stratospheric Protection Division, Methodology for Allocating Certain Set-aside Allowances for 2022: Existing importers who were not required to report under 40 CFR part 98 and new market entrants (Mar. 31, 2022) ....................................................4a

C.     EPA, Phasedown of Hydrofluorocarbons: Notice of 2022 Set-Aside Pool Allowance Allocations for Production and Consumption of Regulated Substances under the American Innovation and Manufacturing Act of 2020, 87 Fed. Reg. 19,683 (2022)........................................................................29a

D.     Letter from EPA's Joseph Goffman, Assistant Administrator for Air & Radiation, to J. Gordon Arbuckle & Lawrence J. Joseph (Nov. 8, 2024) (enclosure omitted) ...............................34a

E.     EPA, Phasedown of Hydrofluorocarbons: Notice of 2026 Allowance Allocations for Production and Consumption of Regulated Substances Under the American Innovation and Manufacturing Act of 2020, and Notice of Final Actions Establishing Administrative Consequences, 90 Fed. Reg. 52,391 (2025)........................................................................37a

F.     Respondents' Combined Mot. to Dismiss and Opp'n (Mar. 5, 2026), *Williams v. EPA*, No. 26-1021 (D.C. Cir.) (Document #2162394) (excerpt)....................................................46a

G.     Peter Williams New-Market-Entrant Application....................................63a

H.     Email exchange between Wei-An (Andy) Chang, Environmental Protection Agency, and Peter Williams (Feb. 18-22, 2022)........................................................................74a

I.     Voicemail from Wei-An (Andy) Chang, Environmental Protection Agency (Feb. 18, 2022)..........................................77a

J.      Letter from J. Gordon Arbuckle to EPA's Cynthia A. Newburg, Director, Stratospheric Protection Division (Apr. 20, 2022) ....................78a

K.     Email from Luke Hall-Jordan, Environmental Protection Agency, to Peter Williams (Apr. 26, 2022] ...............................83a

L.     Temporary Delegation of Authority from Administrator to Assistant Administrator for Air and Radiation (Sept. 23, 2022) ...............97a

M.    Temporary Redelegation of Authority from Assistant Administrator for Air and Radiation to Director of Office of Atmospheric Programs (Sept. 29, 2022) ....................................................98a

N.     Letter from Lawrence J. Joseph to EPA's Cynthia A. Newburg, Director, Stratospheric Protection Division, and Hans Christopher Grundler, Director, Office of Atmospheric Programs (Dec. 12, 2022) ........................................................100a

O.     Letter from Kenneth Ponder, President, RMS of Georgia, LLC, to EPA's Cynthia A. Newburg, Director, Stratospheric Protection Division (Dec. 29, 2022) (exhibits omitted) ..........................109a

P.     Letter from Lawrence J. Joseph to EPA's Michael S. Regan, Administrator, and Joseph M. Goffman, Assistant Administrator for Air & Radiation (Apr. 30, 2024) (exhibits omitted)................................................................................113a

Q.     Letter from Lawrence J. Joseph to EPA's Michael S. Regan, Administrator (Dec. 19, 2024) (enclosures excerpted) ..........................122a

R.     Letter from Lawrence J. Joseph to EPA's Lee M. Zeldin, Administrator, and Nicole N. Murley, Acting Inspector General (May 16, 2025) ................................................................148a

S.     EPA Office of Inspector General, *Report of Investigation: Joseph Goffman, Assistant Administrator, Office of Air and Radiation*, Report No. 24-N-0054 (Aug. 27, 2024) (excerpt).................174a

T.     Declaration of Lawrence J. Joseph (May 4, 2026)................................190a

U.     Declaration of Peter Williams (May 3, 2026) ......................................217a

V.     Statutory Addendum.................................................................297a

5 U.S.C. §555(b), (e) ...............................................................297a

5 U.S.C. §703 ...........................................................................298a

5 U.S.C. §704 ...........................................................................298a

5 U.S.C. §705 ...........................................................................299a

5 U.S.C. §706 ...........................................................................299a

18 U.S.C. §208(a), (b)(1) ........................................................300a

18 U.S.C. §242 .........................................................................301a

18 U.S.C. §371 .........................................................................302a

18 U.S.C. §1001(a) ..................................................................303a

18 U.S.C. §1512(c) ..................................................................303a

18 U.S.C. §1515(a)(1) .............................................................304a

18 U.S.C. §1519 .......................................................................305a

26 U.S.C. §7206 .......................................................................305a

28 U.S.C. §1631 .......................................................................305a

28 U.S.C. §1651(a) ..................................................................306a

42 U.S.C. §7604(a) ..................................................................306a

42 U.S.C. §7607(b), (d)-(e) .....................................................307a

42 U.S.C. § 7675(k)(1)(B)-(C) ................................................318a

44 U.S.C. §3502(14) ...............................................................319a

44 U.S.C. §3506(d)(3) .............................................................319a

44 U.S.C. §3507(a) ..................................................................319a

44 U.S.C. §3512 .......................................................................321a

O.C.G.A. §14-2-1110(1)..........................................................321a

O.C.G.A. §14-3-865(a)(1) ....................................................321a

O.C.G.A. §16-9-121(a)(1) ....................................................322a

O.C.G.A. §16-10-20.1(b)(1)-(2) .........................................322a

5 C.F.R. §1320.5(a), (g)......................................................322a

5 C.F.R. §2635.402(b)(1) ...................................................325a

40 C.F.R. §84.11(b)(1) .......................................................326a

40 C.F.R. §84.15(c), (e).......................................................326a

W.   *In re Williams*, No. 23-1269 (D.C. Cir. Dec. 21, 2023) .........................329a

X.   *Willaims v. EPA*, No. 24-1386 (D.C. Cir. Apr. 2, 2025)........................330a

Y.   *Willaims v. EPA*, No. 24-1386 (D.C. Cir. June 25, 2025).......................333a

## **GLOSSARY**

Add.        Addendum, where "Add:#a" refers to page "#" of the Addendum

APA        Administrative Procedure Act, 5 U.S.C. §§551-706

*BLE*        *Interstate Commerce Comm'n v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270 (1987)

HFC        hydrofluorocarbon

IRS        Internal Revenue Service

EPA        Environmental Protection Agency

OMB        Office of Management and Budget

## PETITION FOR REVIEW OR WRIT OF MANDAMUS

Pursuant to 42 U.S.C. §7607(b)(1), 28 U.S.C. §1651(a), and 5 U.S.C. §706(1), Peter Williams petitions this Court for review of final action, constructively final inaction, and after-arising ripening of action by respondents Environmental Protection Agency and its Administrator ("EPA") on Williams' new-market-entrant application under 40 C.F.R. §84.15. Williams seeks review based on EPA statements on March 5, 2026, and review of prior "preliminary, procedural, or intermediate agency action" dated March 31, 2022, April 5, 2022, November 8, 2024, and November 20, 2025. *See* 5 U.S.C. §704. The accompanying Addendum ("Add") attaches the relevant documents as Exhibits A-F. Alternatively, Williams petitions for a writ of mandamus compelling EPA to grant his application, including next-year hydrofluorocarbon ("HFC") allocations for allocations EPA unlawfully withheld since 2022.

## INTRODUCTION AND SUMMARY OF ARGUMENT

On March 31, 2022, in the "Newberg Letter" (Add:1a-3a) and "Newberg Memorandum" (Add:4a-28a) subordinate EPA staff—Cynthia Newberg—identified distinct meritless rationales for denying Williams' application as a sole proprietor (Add:64a), by conflating Williams' trade name ("New Era Group") with a similarly named Georgia nonprofit ("New ERA Group, Inc.") and flouting basic corporate law and the Paperwork Reduction Act, 44 U.S.C. §§3501-3521 ("PRA").

On April 5, 2022, a Federal Register notice (Add:30a, 33a) signed by subordinate EPA staff—Hans Grundler—indistinctly referenced the Newberg Letter. Because the American Innovation and Manufacturing Act, 42 U.S.C. § 7675, gives delegable authority to EPA's *Administrator*, 42 U.S.C. § 7675(k)(1)(B), but no delegation was then made, subordinate EPA staff actions circa March-April 2022 were not *the Administrator's* final action under the statute or within 42 U.S.C. §7607(b)(1)'s jurisdiction.

Subsequently, Williams has petitioned EPA administratively several times and petitioned this Court several times. Through that process, EPA staff upped—or downed—their game from corporate-law incompetence to deceit, concealing the lack of final EPA action, filing false and incomplete records, violating 5 U.S.C. §555(e) response duties, and violating mandatory recusal duties. *See* Sections I.D.3.aI.D.3.c, *infra*. In fairness to EPA's *Administrators*, EPA staff appear to have continued their ruse without an Administrator's knowledge, making Administrators the proverbial cats' paws, the "unwitting conduit of another actor's illicit motives." *Walker v. Johnson*, 798 F.3d 1085, 1095-96 (D.C. Cir. 2015).

All three mandamus conditions are met. Sections I-III, *infra*. EPA's timeliness argument is now nonjurisdictional, Section I.D.1, *infra*, and the 60-day window has not begun to run or is met. Sections I.B.1-I.B.5, *infra*. Alternatively, EPA's hard "no" on March 5, 2026, (Add:51a-53a) either finalizes or ripens EPA's denial of

2

Williams' application. 42 U.S.C. §7607(b)(1). A trade name differs from a corporation, Sections I.C.1-I.C.5, *infra*, so EPA's merits position is frivolous. Alternatively, the Court should transfer this action to district court. Section IV, *infra*.

## STATEMENT OF JURISDICTION

This Court has jurisdiction under 42 U.S.C. §§7607(b)(1), 7675(k)(1)(C).

## RELIEF REQUESTED

Williams requests a writ of mandamus directing EPA to grant his application with next-year HFC allocations to redress allocations EPA unlawfully denied since 2022.

## ISSUES PRESENTED

- Whether EPA must grant Williams' application and issue allocations for prior years unlawfully withheld.

- Whether 40 C.F.R. §84.11(b)(1) bars relief and, if so, whether 40 C.F.R. §84.11(b)(1) should be vacated or stayed.

- Whether this action should be transferred to district court.

## STATUTES AND REGULATIONS

The accompanying Addendum contains the relevant statutes and regulations.

## STATEMENT OF THE CASE

The following numbered paragraphs (hereafter, "Facts, ¶#") outline the factual, legal, and procedural background.

1.     This petition seeks review of whether definitive EPA statements on

March 5, 2026 (Add: 51a-53a), that constitute final denial, constructive denial, or after-arising ripening of EPA's denial of Williams' application, *see* 42 U.S.C. §7607(b)(1); *Friedman v. FAA*, 841 F.3d 537, 542-44 (D.C. Cir. 2016), based on full notice—and thus ratification—of EPA staff's actions. *See* Section I.B.4, *infra* (ratification requires full notice).

2.      The Office of Management and Budget ("OMB") approved EPA's new-market-entrant application form with Control Number 2060-0735, and that OMB-approved form does not require or request sole proprietors to submit information about third-party corporations. *See* Add:64a-71a.

3.      EPA has studiously avoided certifying an administrative record in Williams-EPA disputes, even when that violated court rules, but EPA has not substantively rebutted Williams' claim—served on August 14, 2025—that Newberg and Grundler lacked delegated authority circa March-April 2022, the April 2022 notice was the only Federal Register notice mentioning Williams' application (*i.e.*, if EPA ratified the 2022 staff action, EPA has not noticed that ratification), and EPA did not disclose the Newberg Memorandum until May 12, 2025. Joseph Decl. ¶¶9-11, 15 (Add:194a-197a).

4.      The record of EPA staff's deliberations referenced the EPA email dated April 26, 2022, Add:83a, likely would clarify the Newberg Letter or Newberg Memorandum provided EPA staff's rationale to deny Williams' application. *Cf.* 5

U.S.C. §555(e) (agency must notify applicant of basis for denial).

5. Williams' five prior appellate proceedings—Nos. 22-1314 ("*Williams I*), 23-1269 ("*Williams II*"), 23-1340 ("*Williams III*"), 24-1386 ("*Williams IV*"), and 26-1021 ("*Williams V*")—involved different issues. Joseph Decl. ¶5 (Add:191a-192a).

6. In *Williams II*, Williams sought a writ of mandamus to compel EPA to grant his application and administrative petitions as relief unlawfully withheld. *Id.* 5(b) (Add:191a). Citing *Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 553 n.6 (D.C. Cir. 2015) and 42 U.S.C. §7604(a), this Court dismissed on jurisdictional grounds. Order 1 (Dec. 21, 2023) (Add:329a).

7. When Williams sought leave to amend his district-court complaint to add a citizen-suit count to compel EPA to grant his application and administrative petitions as relief unlawfully withheld, EPA opposed leave to file because "[§7604(a)(2)] does not provide any basis for the [District] Court to compel EPA to grant Plaintiff's underlying application.." Joseph Decl. ¶7 (Add:193a).

8. During *Williams II*, EPA admitted to stalling Williams' administrative filings because Williams petitioned this Court for review. *Id.* Decl. ¶6 (Add:193a).

9. Williams' serial administrative and court filings could have been avoided if EPA had answered Williams' administrative filings promptly, without the intentional delay that EPA has admitted, *id.*, and the obstructive misconduct that

EPA cannot credibly deny. *See* Sections I.D.3.a-I.D.3.b, *infra*.

10.     *Williams IV* found the "Goffman Letter" (Add:35a-36a) from Assistant Administrator Joseph Goffman appropriate for merits briefing, Order 2 (Apr. 2, 2025) (Add:331a), but Williams moved to reconsider, transfer, or dismiss review limited to the Goffman Letter, which—by itself—was nonfinal and unripe, based on then-pending administrative petitions Goffman left unresolved. *See* Section I.B.3.b, *infra*. *Williams IV* was then dismissed on jurisdictional grounds. Order 2 (June 25, 2025) (Add:333a-334a).

11.     Given the administrative petitions pending before (Add:109a-121a) and after (Add:122a-173a) the Goffman Letter's issuance, EPA could have granted Williams' application and his rulemaking petition to amend 40 C.F.R. §84.11(b)(1) between EPA's issuing the 2025 allocations on October 24, 2024, and the 2026 allocations on November 20, 2025. *See* Joseph Decl. ¶¶22-23 (Add:199a-200a).

12.     Contrary to 5 U.S.C. §555(e), EPA has not responded to Williams administrative petitions to recuse EPA staff, Add:118a-120a (Apr. 30, 2024), 123a-124a, 129a-130a (Dec. 19, 2024), 171a-172a (May 16, 2025), who continue to participate in Williams-EPA matters without seeking or obtaining waivers under 18 U.S.C. §208(b)(1). Joseph Decl. ¶17 (Add:197a).

13.     In 2014-2015, Williams was New ERA Group, Inc.'s Fundraising Chair—a position unmentioned in the bylaws—but he never was either an officer or

director. Williams Decl. Decl. ¶¶31-33 (Add:225a-226a); O.C.G.A. §14-3-865(a)(1) (defining "officer").

14. Williams diligently sought to correct EPA's errors but extraordinary misconduct by EPA staff and New ERA Group, Inc.'s officers thwarted his efforts. Williams Decl. ¶¶17-24 (Add:221a-223a); Joseph Decl. ¶¶25-26 (Add:200a-201a).

15. The Administrative Procedure Act, 5 U.S.C. §§551-706 ("APA"), governed petitions for review under the 1970 Clean Air Act. *Amoco Oil Co. v. EPA*, 501 F.2d 722, 731 (D.C. Cir. 1974). The 1977 amendments streamlined review of major Clean Air Act actions, 42 U.S.C. §7607(d)(1)(A)-(U), expressly exempting certain APA provisions. *Id.* §7607(d). Outside §307(d), the APA applies in full. 5 U.S.C. §559.

STANDARD OF REVIEW

Although APA cases typically proceeds under arbitrary-and-capricious review, 5 U.S.C. §706(2)(A), *de novo* review applies "when the action is adjudicatory in nature and the agency factfinding procedures are inadequate." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971); 5 U.S.C. §706(2)(F). The APA authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. §706(1), and the former is synonymous with mandamus. *Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1, 19 n.10

(2013); *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988); *Am. Dairy of Evansville, Inc. v. Bergland*, 627 F.2d 1252, 1262 (D.C. Cir. 1980).

Mandamus requires (1) a "clear and indisputable" right to mandamus relief and (2) no other adequate remedy, and (3) that mandamus be otherwise appropriate. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004).

*Res judicata* can apply to jurisdiction. *Jackson v. Office of the Mayor of D.C.*, 911 F.3d 1167, 1171 (D.C. Cir. 2018). Claim preclusion requires a merits judgment, *Cal. Cmtys. Against Toxics v. EPA*, 928 F.3d 1041, 1051 (D.C. Cir. 2019), and issue preclusion (or collateral estoppel) applies only to issues previously "contested … and submitted for judicial determination" to "a court of competent jurisdiction" that the court "actually and necessarily determined" and that do "not work a basic unfairness to the party bound." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992); *Patton v. Klein*, 746 A.2d 866, 870-71 (D.C. 1999). Even then, an exception applies for intervening "change[s] in [the] applicable legal context." *Bobby v. Bies*, 556 U.S. 825, 834 (2009) (cleaned up); *Montana v. United States*, 440 U.S. 147, 157-58 (1979). The curable-defect exception applies if a material occurrence subsequent to a prior dismissal remedies the original deficiency. *Nat'l Ass'n of Home Builders v. EPA*, 786 F.3d 34, 41 (D.C. Cir. 2015).

**ARGUMENT**

## I. WILLIAMS HAS A CLEAR RIGHT TO RELIEF.

Williams meets all justiciability and merits requirements for mandamus relief.

### A. This Court has jurisdiction.

This Court has jurisdiction pursuant to 42 U.S.C. 42 U.S.C. §7607(b)(1) and 28 U.S.C. §1651(a). Courts assess jurisdiction under *the plaintiff's* merits views. *City of Waukesha v. EPA,* 320 F.3d 228, 235 (D.C. Cir. 2003) (standing); *Ciba-Geigy Corp. v. EPA,* 801 F.2d 430, 439 (D.C. Cir. 1986) (ripeness); *Sierra Club v. Gorsuch,* 715 F.2d 653, 658 (D.C. Cir. 1983) (finality). Some prior jurisdictional holdings cannot control. *See* Section I.D, *infra* (*res judicata* unavailable).

#### 1. This Court has statutory subject-matter jurisdiction.

This Court's statutory subject-matter jurisdiction requires the *Administrator's* final action, *see* 42 U.S.C. §7607(b)(1), which now is present. *See* Facts, ¶1. Finality poses a two-part test: (1) "the consummation of the agency's decision making process … not … of a merely tentative or interlocutory nature," and (2) "action … by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (cleaned up). Williams credibly alleges both actual and constructive denial of his application. Each falls squarely within §307(b)(1)'s reach. *Cf. Croplife Am. v. EPA*, 329 F.3d 876, 883 (D.C. Cir. 2003) (even press releases can qualify as final EPA action).

### 2. Williams has Article III standing.

EPA's challenged actions deprive Williams of valuable assets, Williams Decl. ¶3 (Add:217a), which provides standing. *Waukesha,* 320 F.3d at 235; *Safari Club Int'l v. Jewell*, 842 F.3d 1280, 1287 (D.C. Cir. 2016) ("de facto permit denial gives [plaintiff] Article III standing").

### 3. Williams' challenge is ripe.

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (cleaned up); *cf. Louisiana Envtl. Action Network v. Browner*, 87 F.3d 1379, 1385 (D.C. Cir. 1996) (60-day limit does not run against unripe claims).

The Goffman Letter was neither final nor ripe in 2024 because—although Goffman rejected two of four then-pending administrative petitions—it remained possible that the Administrator would grant Williams' application based on the two then-extant petitions (December 29, 2022, and April 30, 2024), later supplemented with two more (December 19, 2024, and May 16, 2025), before the 2026 allocations. *See* Section I.B.3.b, *infra*. Although EPA has evasively sidestepped Williams' submissions, EPA has now given a hard "no" that finalizes denial of Williams' application. *See* Facts, ¶1. The procedural failure to recuse biased staff is ripe and

"can never get riper." *Ohio Forestry Ass'n, Inc., v. Sierra Club*, 523 U.S. 726, 737 (1998).

Beyond *constitutional* ripeness, the Administrator could have either adopted or rejected EPA staff's PRA-noncompliant, idiosyncratic affiliation test, which invokes *prudential* ripeness. *John Doe, Inc. v. DEA*, 484 F.3d 561, 567 (D.C. Cir. 2007) ("court can dismiss … claims as unripe" if "record provides inadequate factual information to resolve novel legal claims"); *Pub. Citizen Health Research Grp. v. Comm'r, Food & Drug Admin.*, 740 F.2d 21, 31-32 (D.C. Cir. 1984) (issues are unfit for review where agency lacks "full opportunity to apply its expertise and to correct errors or modify positions in the course of a proceeding"). EPA has now adopted EPA staff's PRA violations as EPA's own, *see* Facts, ¶1, providing prudential ripeness.

### B.    Williams' challenge is timely.

Section 307(b)(1) provides 60 days to petition for review after Federal Register notice of the Administrator's final action and the full text of its action. 42 U.S.C. §7607(b)(1); *Indus. Union Dep't v. Bingham*, 570 F.2d 965, 969 (D.C. Cir. 1977). Timeliness poses no barrier to review.

### 1.    Williams files within 60 days of finality and ripeness.

The earliest date that EPA's Administrator ratified EPA staff's actions with full knowledge of those actions was March 5, 2026. *See* Facts, ¶1. Although the 60-

day window would not begin to run until EPA notices ratification in the Federal Register, Section I.B.4, *infra* (discussing ratification), this action also is timely if viewed as after-arising ripening.

### 2. The 60-day window is tolled.

Courts "must 'treat a procedural requirement as jurisdictional only if Congress clearly states that it is,'" *Harris v. U.S. DOT*, 122 F.4th 418, 425 (D.C. Cir. 2024) (quoting *Harrow v. Dep't of Def.*, 601 U.S. 480, 484 (2024)). Nothing in §307(b)(1) treats the 60-day window as jurisdictional, so—as a mere claims-processing rule—§307(b)(1)'s 60-day window can be forfeited or tolled. *Harrow*, 601 U.S. at 484; *Nelson v. SEC*, 138 F.4th 514, 522 (D.C. Cir. 2025). Claim-processing timelines are tolled if extraordinary circumstances beyond plaintiffs' control thwart plaintiffs' diligent efforts. *Menominee Indian Tribe v. United States*, 577 U.S. 250, 257 (2016). Here, misconduct by both EPA staff and New ERA Group, Inc. thwarted Williams's diligent efforts to correct EPA staff's errors, even if EPA staff somehow acted finally in 2022. EPA staff's misconduct is well-documented, Sections I.D.3, *infra*, but New ERA Group, Inc. officers' perjury and identity fraud were also extraordinary and outside Williams' control. Facts, ¶¶13-14; O.C.G.A. §§16-9-121(a)(1) (identity fraud), 16-10-20.1(b)(1)-(2) (perjury); 18 U.S.C. §§1001(a)(2) (federal forms generally); 26 U.S.C. §7206(1) (tax forms). Williams' 60-window would be tolled even if the window otherwise ran in 2022.

### 3. Prior EPA action was neither ripe nor final.

Jurisdiction under §307(b)(1) requires the *Administrator's* final action, which the prior actions lacked: (1) the 2022 staff actions fail on "*of the Administrator*," and (2) the Goffman Letter fails on finality. *See* 42 U.S.C. §7607(b)(1). Assuming *arguendo* that EPA's issuing the 2026 allocations did not constructively deny Williams' application, the development here constitutes a reviewable "event that ripens a claim." *Coal. for Responsible Regulation, Inc. v. EPA*, 684 F.3d 102, 129 (D.C. Cir. 2012), *rev'd in part on other grounds sub nom. Util. Air Regulatory Group v. EPA*, 573 U.S. 302 (2014). Moreover, under the *Bennett* finality test, neither action by subordinate staff nor "tentative" agency action is "final" action. *NRDC v. Wheeler*, 955 F.3d 68, 78 (D.C. Cir. 2020). EPA's actions became final and ripe on March 5, 2026.

#### a. EPA staff's 2022 actions were neither ripe nor final.

Neither Newberg nor Grundler had the Administrator's delegated authority in March-April 2022, Facts, ¶3, so the Newberg Letter, Newberg Memorandum, and April 2022 Federal Register notice simply were not the *Administrator's* final action. *See* 42 U.S.C. §7607(b)(1).

#### b. Goffman's 2024 action was neither ripe nor final.

The Goffman Letter was not final action on Williams' application under §307(b)(1) for two related reasons:

- Goffman left open administrative petitions dated December 29, 2022, and April 30, 2024, thus neither resolving their new evidence nor consummating EPA's decision-making process. For Williams' underlying application, the Goffman Letter was thus "merely tentative or interlocutory" in nature under *Bennett*, 520 U.S. at 177-78, because action "cannot be considered nonfinal for one purpose and final for another." *Bellsouth Corp. v. FCC*, 17 F.3d 1487, 1489-90 (D.C. Cir. 1994).

- Straining to avoid *renewed* review under *Sendra*, Goffman expressly did not independently review Williams' application anew. Purporting not to alter a *prior* final action—that was actually *nonfinal*—Goffman did not resolve Williams' application *in the first instance*.

With two then-pending administrative petitions remaining undecided and no HFC allocation imminent, the Goffman Letter's impact was "tentative" and not itself "sufficiently 'final' to warrant review." *Wheeler*, 955 F.3d at 78; *Citizen's Ass'n of Georgetown v. Fed. Aviation Admin.*, 896 F.3d 425, 431-32 (D.C. Cir. 2018); Facts, ¶11. It remained possible that the Administrator would grant Williams' still-pending administrative submissions, Facts, ¶11, making denial of allocations contingent and thus unripe. *Texas*, 523 U.S. at 300.

**4. EPA neither ratified—nor noticed ratification of—past action.**

When authorized agency officials ratify prior staff action, the agency action's effective date is the ratification date. *FEC v. NRA Political Victory Fund*, 513 U.S. 88, 98-99 (1994). The 60-day window begins to run when EPA notices that finality in the Federal Register, 42 U.S.C. §7607(b)(1), which has not happened.

Ratification requires an authorized agency official with "full knowledge" of the underlying issues and a "independent evaluation of the merits." *Wilkes-Barre Hosp. Co., LLC v. NLRB*, 857 F.3d 364, 371 (D.C. Cir. 2017) ("independent evaluation of the merits"); *United States v. Beebe*, 180 U.S. 343, 354 (1901) ("full knowledge of all the facts"). Williams is unaware of such prior ratification, *see* Facts, ¶1; Section I.B.3.b, *supra* (Goffman Letter neither final nor ripe), and—in any event—no ratification has been noticed in the Federal Register. Joseph Decl. ¶8 (Add:193a-194a). Either way, the 60-day window has not begun running.

**5. Challenge is timely under *BLE*.**

Assuming *arguendo* that the actions listed above, Facts, ¶1, constitute denial of open administrative matters that the Goffman Letter left unresolved, *see* Section I.B.3.b, renewed review lies under *Interstate Commerce Comm'n v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 284-85 (1987) ("*BLE*"); *Sendra Corp. v. Magaw*, 111 F.3d 162, 166-67 (D.C. Cir. 1997), which allow otherwise-untimely review if administrative petitions present changed circumstances or new evidence. *BLE*, 482

15

U.S. at 284-85; *Sendra*, 111 F.3d at 166-67. Williams' administrative petitions presented both.

### a. Williams presents changed circumstances.

As explained in Section I.C.1.b, *infra*, EPA's "affiliation" test violates the PRA by changing the scope of "affiliation" on the OMB-approved form without notice. Moreover, EPA provided no notice EPA would treat Williams' application *as an individual* with a trade name to be an application tied to an irrelevant third-party corporation. If the Court does not reject EPA's PRA-noncompliant affiliation test, *BLE* allows Williams to prove that he never was a New ERA Group, Inc. officer or director (*i.e.*, EPA's PRA violation changed the circumstance), assuming that a relationship with the nonprofit New ERA Group, Inc. was relevant (which it is not).

EPA's disclosing the Newberg Memorandum's basis for finding a corporate affiliation on May 12, 2025, changed the circumstance. *See* Facts, ¶¶3-4. In addition to violating 5 U.S.C. §555(e), EPA's belated disclosure demonstrated Newberg's bias or incompetence. *Garcia v. Veneman*, 224 F.R.D. 8, 12 (D.D.C. 2004) ("pattern of notice and refusal to correct can serve as proof of the intent element in [a] … discrimination case"). EPA's 2023 amendment to 40 C.F.R. §84.11(b)(1) and Williams' petition to repeal that amendment further changed the circumstance. *See* Section I.C.3, *infra*.

### b. Williams presents new evidence.

The administrative petitions included new evidence:

- *April 20, 2022*. Williams' affidavit distinguishing his trade name from New ERA Group, Inc., his non-officer role with New ERA Group, Inc., and his terminating involvement in 2015. Add:78a-82a.

- *December 29, 2022*. RMS's evidence on Williams' non-affiliation with RMS, New ERA Group, Inc.'s nonparticipation in refrigerant markets and nonprofit, noncommercial nature. Add:109a-110a.

- *April 30, 2024*. Williams petitioned to recuse EPA career staff (*e.g.*, Newberg) who had financial exposure via restitution or tort damages, cited staff's failure to correct after notice as new evidence of bias *ab initio*, *Garcia*, 224 F.R.D. at 12, and incorporated RMS's administration petition into Williams' administrative petition. Add:117a-120a.

- *December 19, 2024*. New ERA Group, Inc's Internal Revenue Service ("IRS") Form 990s contradict the annual reports to Georgia's Secretary of State on Williams' role in 2017-2021, and a renewed request to recuse EPA staff and Goffman. Add:123a-130a.

- *May 16, 2025*. Williams' petition to amend the 2023 amendments to 40 C.F.R. §84.11(b)(1), evidence of EPA staff's criminal misconduct, request for staff's recusal, New ERA Group, Inc.'s noninvolvement in refrigerant-gas market,

EPA's failing to provide pre-denial notice that EPA considered Williams related to New ERA Group, Inc., and EPA's pretextual arguments against him and his claims. Add:150a-161a.

The Goffman Letter argues Williams could have submitted this evidence with his application, Add:36a, which is wrong. First, evidence of EPA's knowing failure to correct after notice surfaced after December 12, 2022. Second, both the OMB-approved form and EPA staff failed to notify Williams to submit information to rebut a relationship with irrelevant third parties.

### 6. EPA cannot state a laches defense.

For mandamus, laches applies instead of a statute of limitations. *United States ex rel. Greylock Mills v. Blair*, 293 F. 846, 848 (D.C. Cir. 1923). EPA cannot assert a laches defense for three reasons:

- Equitable defenses like laches require clean hands, *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933); *Jasper v. Carter*, 451 A.2d 46, 47 (D.C. 1982), which EPA lacks. *See* Sections I.D.3.a-D.3.c, *infra*.

- Laches requires not only unreasonable delay but also prejudice, *CarrAmerica Realty Corp. v. Kaidanow*, 321 F.3d 165, 171 (D.C. Cir. 2003); *Gull Airborne Instruments, Inc. v. Weinberger*, 694 F.2d 838, 843 (D.C. Cir. 1982), and EPA cannot make either showing.

- "One cannot be guilty of laches until his right ripens into one entitled to protection," *What-A-Burger of Va., Inc. v. Whataburger, Inc.*, 357 F.3d 441, 449 (4th Cir. 2004) (cleaned up); *cf. Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 915 n.16 (1990) (laches is "precisely the opposite argument" from ripeness) (Blackmun, J., dissenting), and Williams' claim ripens only now.

Mandamus is timely.

### C.  Williams is clearly entitled to merits relief.

The APA authorizes compelling EPA to grant Williams' application because EPA has unlawfully withheld that relief. *See* 5 U.S.C. §706(1).

### 1.  EPA's affiliation analysis is legally meritless and irrelevant.

EPA staff had two affiliation theories for denying Williams' application—the Newberg Letter and the Newberg Memorandum—with EPA's defending only the Newberg Letter (Add:51a-52a). Both staff theories are meritless.

Williams' application involves four players: the applicant Williams, a natural person ("A"), his trade name, "New Era Group" ("B"), "New ERA Group, Inc.," a Georgia corporation ("C"), and RMS of Georgia, LLC, a market participant with Kenneth Ponder as its President and owner ("D").

- The Newberg Letter treats B and C as synonymous, so the applicant was A dba B:C, where C and D are affiliated because they share a common officer. This analysis is clearly erroneous because an individual with a trade name

cannot do business as a corporation. *See Miller v. Harco Nat'l Ins. Co.*, 274 Ga. 387, 390 (2001) ("individual doing business under a trade name is clearly a sole proprietor distinct under Georgia law from a corporation in which that individual holds stock"); *BellSouth Corp. v. FCC*, 162 F.3d 678, 684 (D.C. Cir. 1998) ("it is obvious that there are differences between a corporation and an individual under the law"). Williams doing business as "New Era Group" is simply not "New ERA Group, Inc." The Newberg Letter is a mistaken-identity factual error enabled by legal error.

- The Newberg Memorandum finds affiliation based on the purported fact that A and an officer of D served together on the board of C—wholly apart from both the similarity of B's and C's names and the fortuity that A's application mentioned B—so A is affiliated with D. This "joint-service" test is clearly erroneous because corporate affiliation refers to ownership and control, Section I.C.1.a, *infra*, and there is no evidence of Williams having either *vis-à-vis* the market participant RMS. The Newberg Memorandum is a series of legal errors.

Contrary to EPA staff's idiosyncratic affiliation theories, Williams and his trade name are synonyms, *Pritchett v. Stillwell*, 604 A.2d 886, 889 (D.C. 1992) ("identity of [a sole proprietorship] was the same as that of its owner"); *York Grp., Inc. v. Wuxi Taihu Tractor Co.*, 632 F.3d 399, 403 (7th Cir. 2011) (person and his trade name

"are two names for the same person. Either will do; both are better"), so the applicant was A:B, with both C and D as irrelevant third parties. Nothing on Williams' OMB-approved application indicated that he applied as anyone but an unincorporated individual, and nothing on the OMB-approved application required the information that EPA found lacking. Add:64a-71a.

### a. EPA's affiliation test conflicts with EPA's regulation.

Neither of EPA's affiliation theories satisfy the regulation's plain language: "corporate affiliation in the past five years … *with entities receiving allowances through this rule*," 40 C.F.R. §84.15(c)(2) (emphasis added). New ERA Group, Inc. did not receive allowances, Add:109a-110a; Williams Decl. ¶12 (Add:219a), so New ERA Group, Inc. is irrelevant to creating an affiliation relationship.

Corporate affiliation means "[a] corporation that is related to another corporation *by shareholdings or other means of control*; a *subsidiary, parent, or sibling* corporation." BLACK'S LAW DICTIONARY 72 (11th ed. 2019); BLACK'S LAW DICTIONARY 72 (12th ed. 2024); O.C.G.A. §14-2-1110(1) ("affiliate" means "a person that directly, or indirectly through one or more intermediaries, controls or is controlled by or is under common control with a specified person"). The unmodified use of "corporate affiliation" adopts the control-based dictionary definition as "the usual corporate understanding of affiliation as a relationship involving ownership or control." *United States v. Western Elec. Co.*, 12 F.3d 225, 230 (D.C. Cir. 1993);

*Yellow Pages Photos, Inc. v. YP, LLC*, 856 F.App'x 846, 856 n.3 (11th Cir. 2021). *G*iven the chill on First Amendment association rights, the constitutional avoidance canon also compels this Court to reject EPA staff's expansive, idiosyncratic, and non-noticed affiliation theories. *Jennings v. Rodriguez*, 583 U.S. 281, 296 (2018). *Western Electric* requires this Court to reject EPA's position and use the control-based dictionary definition.

Under the dictionary definition, Williams would legally not be RMS's affiliate even if he were factually a New ERA Group, Inc. officer in 2017-2021 (which he was not). New ERA Group, Inc. lacked owners and shares, did not receive allowances, and had no control over RMS. Neither the Newberg Letter's facile conflation of Williams and New ERA Group, Inc. nor the Newberg Memorandum's preposterous "joint-service" test fall within the control-based definition of "corporate affiliation."

### b. EPA's affiliation test violates the PRA.

Even without *Western Electric* as binding precedent, this Court would need to reject EPA's idiosyncratic affiliation test as violating PRA's requirement that forms be "written using plain, coherent, and unambiguous terminology and … understandable to those who are to respond." 44 U.S.C. §3506(c)(3)(D). Under the PRA, "no person shall be subject to any penalty for failing to comply with a collection of information that is subject to [the PRA] if … the collection of

information does not display a valid control number assigned by [OMB] in accordance with [the PRA]," 44 U.S.C. §3512(a)(1), and "this section may be raised in the form of a complete defense, bar, or otherwise at any time during the agency administrative process or judicial action applicable thereto." 44 U.S.C. §3512(b); *id.* §3502(14) (PRA "penalty" includes "imposition by an agency or court of … the … *denial of a license, privilege, right, grant, or benefit*") (emphasis added). Further, "[a]n agency may not make a substantive or material modification to a collection of information after such collection of information has been approved by OMB, unless the modification has been submitted to OMB for review and approval under [5 C.F.R. pt. 1320]." 5 C.F.R. §1320.5(g); 44 U.S.C. §3507(a) (prohibition on the collection of unapproved information applies to "the adoption or *revision* of the collection of information") (emphasis added); 44 U.S.C. §3506(d)(3) (revisions require notice). EPA's novel, purported view of its form's requirements is not supported by a "valid control number assigned by [OMB] in accordance with [the PRA]" under 44 U.S.C. §3512(a)(1), which Williams can raise at any time. 44 U.S.C. §3512(b). Even if EPA's interpretation of the regulation and form—not announced until on or after April 1, 2022—were legally tenable, *but see* Section I.C.1.a, *supra*, EPA's interpretation would violate the PRA.

### 2. EPA's incompleteness rationale is derivative and meritless.

EPA found Williams' application incomplete for not disclosing information about New ERA Group, Inc., Add:3a, which flows from EPA's flawed analysis that New ERA Group, Inc. was relevant in the first place. Nothing in EPA's OMB-approved form requested information about third-party entities. Add:64a-71a; Facts, ¶2. The PRA rejects EPA's incompleteness rationale as an unapproved revision to the OMB-approved form, 44 U.S.C. §§3507(a), 3506(d)(3), 3512(b); 5 C.F.R. §1320.5(a)(2), (g), so EPA's claim is not supported by a "valid control number assigned by [OMB] in accordance with [the PRA]" under 44 U.S.C. §3512(a)(1), which Williams can raise at any time. 44 U.S.C. §§3512(b), 3502(14) (PRA "penalty" includes denying applications).

### 3. 40 C.F.R. §84.11(b)(1) does not bar relief.

On July 20, 2023, while EPA staff unlawfully stalled action on Williams' administrative filings, *see* Section I.D.3.a, *infra*, and used that delay to amended the rules to tie post-2023 allocations on "allowances allocated *for* calendar year 2023." 88 Fed. Reg. 46,836, 46,896 (2023) (emphasis added); 40 C.F.R. §84.11(b)(1). This Court can address 40 C.F.R. §84.11(b)(1) in several ways:

- Without changing §84.11(b)(1), the Court can either (a) grant Williams expired allocations for 2023 to set his post-2023 baseline, or (b) grant Williams next-year allocations "for" allowances unlawfully denied in 2023

(*e.g.*, 200,000 2027 allowances *in* 2026 to redress the 200,000 allowances unlawfully denied *in* 2022 *for* 2023). Expired allowances are not moot if they control the future, *Knox v. Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (mootness requires relief to be *impossible*), and courts' equitable powers are broad. *Starbucks Corp. v. McKinney*, 602 U.S. 339, 347 (2024). Given EPA's egregious misconduct, Section I.D.3.a-D.3.c, *infra*, when ordering EPA to grant Williams' application as relief unlawfully withheld, 5 U.S.C. §706(1), this Court should order EPA to provide "backpay-style" equitable relief in next-year allocations *for* the allocations EPA unlawfully withheld since 2022.

- Asserting 40 C.F.R. §84.11(b)(1) as a bar to relief would deny Williams' rulemaking petition to repeal or amend the 2023 amendment that unlawfully targeted him. *See* Facts, ¶11; Joseph Decl. ¶23 (Add:199a-200a). Denying petitions to repeal unconstitutional or unlawful rules is reviewable *de novo*. *NLRB Union v. FLRA*, 834 F.2d 191, 196 (D.C. Cir. 1987), and EPA's targeting Williams was unlawful. *See* Section I.D.3.a-I.D.3.c, *infra*; 5 U.S.C. §706(2)(A); *FCC v. NextWave Personal Communications Inc.*, 537 U.S. 293, 300 (2003) ("not in accordance with law" includes "any law"); *Physicians for Soc. Responsibility v. Wheeler*, 956 F.3d 634, 650 (D.C. Cir. 2020).

- When the Court dockets this petition, Williams will move pursuant to 5 U.S.C. §705 to stay the 2023 amendment's effective dated to allow granting relief to Williams.

Significantly, Williams would lack standing to challenge the rule until EPA grants his application, so 42 U.S.C. §7607(b)(2)'s bar to challenging EPA's application of prior EPA action cannot apply. Either Williams can challenge 40 C.F.R. §84.11(b)(1) here, or §307(b)(1)'s special statutory review is absent or inadequate under 5 U.S.C. §703, and transfer is appropriate. *See* Section IV, *infra*.

### 4. EPA has no other basis to deny Williams' application.

Agency action "must … stand or fall on the propriety of [the] finding[s]" on which the agency based its action, *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943) ("grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based"), not on after-the-fact litigation arguments. EPA made two arguments (affiliation and incompleteness) and amended its rules to add a third (40 C.F.R. §84.11(b)(1)). All three lack merit. *See* Sections I.C.1-I.C.3, *supra*. EPA cannot invent still more pretexts, so remand to EPA is unnecessary before this Court decides the legal and equitable issues presented here.

26

**5.** **EPA has a nondiscretionary duty to grant Williams' application.**

Threshold issues aside, Sections I.C.1-I.C.4, *supra*, mandamus to compel EPA to grant Williams' application is warranted. Although "a claim under [5 U.S.C. §706(1)] can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*," *Norton v. Southern Utah Wilderness All.*, 542 U.S. 55, 64 (2004) ("*SUWA*") (emphasis in original), 5 U.S.C. §555(b) and 40 C.F.R. §84.15(e)(3) together constitute a clear, indisputable duty to grant Williams' application. Challenges to agency inaction need not meet the *Bennett* test for finality: "There is no doubt that *SUWA* means to endorse 'failure to act' claims under [5 U.S.C. §706(1)] so long as a complaining party has sufficiently alleged 'that an agency failed to take a *discrete* agency action that it is *required to take*.'" *Western Org. of Res. Councils v. Zinke*, 892 F.3d 1234, 1248 (D.C. Cir. 2018) (Edwards, Senior Circuit Judge, concurring) (quoting *SUWA*, 542 U.S. at 64 (emphasis in *SUWA*)); *Elec. Privacy Info. Ctr. v. Internal Revenue Serv.*, 910 F.3d 1232, 1244-45 (D.C. Cir. 2018). EPA has a clear duty to grant Williams' application.

**D.** **EPA cannot assert *res judicata*.**

*Res judicata* is unavailable for three reasons.

**1.** ***Harrow* and EPA's misrepresentations vitiate preclusion based on timeliness.**

As a "significant changes in controlling … legal principles," *Montana*, 440 U.S. at 157-58, *Harrow* vitiates issue preclusion based on *Williams I*. *Id.*; *Bobby*,

27

556 U.S. at 834. Assuming *arguendo* that final EPA action previously denied Williams' application, the precise date of EPA's denial is irrelevant. See Sections I.B.2-I.B.6, *supra*, I.D.3, *infra* (unclean hands). Moreover, by resolving timeliness against Williams without the APA-required record, 5 U.S.C. §706, prior Williams-EPA matters were not "full and fair" opportunities to litigate timeliness, *Yamaha*, 961 F.2d at 254; *Patton*, 746 A.2d at 870-71, and EPA cannot benefit from its material misrepresentations about the record (*i.e.*, extrinsic fraud about Administrator's delegated authority or the basis for denying Williams' application). Facts, ¶¶3-4; *Richardson v. McCabe, Weisberg & Conway*, 323 A.3d 446, 456 (D.C. 2024); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 261 n.18 (1944).

### 2. The curable-defect exception applies.

Assuming *arguendo* that *res judicata* could apply to jurisdictional issues here, the curable-defect exception would apply. *Home Builders*, 786 F.3d at 41. Williams challenges new EPA action, *see* Facts, ¶1, and Williams cures his prior pleading by alleging that final EPA action previously neither occurred nor was noticed in the Federal Register. *See* Facts, ¶3. That avoids *res judicata* for jurisdictional defects.

### 3. Unclean hands prevent EPA's invoking *res judicata*.

Collateral estoppel and issue preclusion are affirmative defenses that can be waived or forfeited, and they do not affect a court's subject-matter jurisdiction to

hear a suit. *Bailey v. Fulwood*, 793 F.3d 127, 136 n.5 (D.C. Cir. 2015). EPA lacks the clean hands required to assert equitable defenses, *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945); *Jasper*, 451 A.2d at 47; *Udall v. Littell*, 366 F.2d 668, 675 (D.C. Cir. 1966). At the pleading stage, courts take the pleading's factual allegations as admitted, *Kareem v. Haspel*, 986 F.3d 859, 865 (D.C. Cir. 2021); *Cannon v. Univ. of Chicago*, 441 U.S. 677, 680 (1979), which— because Williams alleges EPA staff's criminal misconduct on his application, *see* Sections I.D.3.a-I.D.3.c, *infra*—nullifies *res judicata*: "Few things are clearer than that one who comes seeking protection for conduct that he concedes to be criminal has unclean hands within the meaning of this principle." *Combs v. Snyder*, 101 F.Supp. 531, 532 (D.D.C. 1951) (three-judge panel, *aff'd without opinion*, 342 U.S. 939 (1952); *Hicks v. Miranda*, 422 U.S. 332, 344-45 (1975) (summary decisions bind lower courts). Moreover, Williams' allegations of EPA staff criminality are correct *on the merits*.

### a.    EPA staff violated 18 U.S.C. §242.

Willful deprivation of rights, privileges, or immunities under the Constitution or federal statutes is a felony. 18 U.S.C. §242. In *Williams II*, EPA admitted to withholding consideration of administrative petitions because Williams sued EPA. *See* Facts, ¶8. Although additional evidence of First Amendment retaliation exists, that single admission meets all three elements of First Amendment retaliation: "(1)

that [the plaintiff] engaged in protected conduct, (2) that the government took some retaliatory action sufficient to deter a person of ordinary firmness in plaintiff's position from speaking again; and (3) that there exists a causal link between the exercise of a constitutional right and the adverse action taken against him." *Doe v. District of Columbia*, 796 F.3d 96, 106 (D.C. Cir. 2015) (cleaned up). EPA violated several other rights:

- The PRA right to notice of changes to EPA's OMB-approved form. *See* Section I.C.1.b, *supra*.

- The due-process and APA right to notice that EPA was tying Williams' application to a third-party corporation. *See* Section I.C.1.b, *supra*.

- The APA right to timely action on his submissions to EPA. 5 U.S.C. §555(b); 40 C.F.R. §84.15(e)(3); Section I.C.5, *supra*.

- The right to unbiased decisionmakers. *See* 18 U.S.C. §208(a); U.S. CONST. amend. V, cl. 4; Section I.D.3.c, *infra*.

The statutory rights listed above fall within 18 U.S.C. §242's "broad sweep" every bit as much as the constitutional rights listed above. *See United States v. Price*, 383 U.S. 787, 805, n.18 (1966). These "Reconstruction civil rights acts are to be accorded a sweep as broad as their language." *McCord v. Bailey*, 636 F.2d 606, 614 (D.C. Cir. 1980) (cleaned up); *accord Spagnola v. Mathis*, 809 F.2d 16, 29 (D.C. Cir. 1986).

EPA admitted to retaliatory delay, Facts, ¶8, but—worse—used the delay to amend 40 C.F.R. §84.11(b)(1) specifically to harm Williams, while addressing all *other* stakeholders' issues with the HFC program, including ones who did not petition EPA. Williams Decl. ¶25 (Add:223a). These serial abuses of Williams' constitutional and statutory rights all violate 18 U.S.C. §242.

> **b.** **EPA staff obstructed justice and defrauded the United States.**

Acting through Goffman to prepare the Goffman Letter and through Newberg to certify the Goffman Letter's record, EPA excluded the administrative petitions dated April 30, 2024, and December 29, 2022, as well as related correspondence from the process culminating in the Goffman Letter. *See* Joseph Decl. ¶14 (Add: 196a). EPA staff thus unlawfully and corruptly concealed material information from EPA and court proceedings in violation of 18 U.S.C. §§1001(a)(1), 1512(c)(1)-(2), 1519; *cf. id.* §1515(a)(1)(A), (C) (defining "official proceeding"); *Fischer v. United States*, 603 U.S. 480, 490-91 (2024). That misconduct thus violated 18 U.S.C. § 371 by defrauding the United States by obstructing EPA proceedings. *See Trump v. United States*, 603 U.S. 593, 640 (2024) (collecting cases on "fraud" under § 371 including "any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of Government") (cleaned up). Moreover, EPA staff's actions were purposeful. EPA steered to *Sendra* to argue no new evidence, ignored administrative petitions presenting new evidence, and opposed Williams'

motions to supplement the record with materials EPA tried to conceal. *See* Facts, ¶3. Given EPA staff's financial interest, *see* Section I.D.3.c, *infra*, EPA staff's obstruction is all the more culpable.

### c.  EPA staff violated 18 U.S.C. §208(a).

EPA staff participated in Williams-related proceedings, despite having disqualifying financial interests that required recusal:

- Goffman's participation violated 18 U.S.C. §208(a) based on his financial interest in HFCs. In an unrelated HFC matter, EPA's Office of Inspector General ("OIG") found Goffman's work on HFC matters covered by 18 U.S.C. §208(a) based on his financial interests, but his participation was insufficiently direct to trigger liability. *See* EPA OIG, *Report of Investigation: Joseph Goffman, Assistant Administrator, Office of Air and Radiation*, Report No. 24-N-0054, 5 & n.13, 34 (Aug. 27, 2024) (Add:180a, 184a). Here, by contrast, Goffman participated in a process specifically *addressed to him* and the Administrator by Williams' administrative petition dated April 30, 2024, (Add:113a) and personally *signed by him* (Add:36a). Because Goffman had financial interests in other market participants, his denial of allocations to Williams benefited Goffman's financial interests. *See RMS of Ga., LLC v. EPA*, 64 F.4th 1368, 1374 (11th Cir. 2023) (change in one participant's

allocation affects all other participants' allocations); 5 C.F.R. §2635.402(b)(1)(ii) ("the dollar amount of the gain or loss is immaterial").

- Newberg's signing the notice for the 2026 allocations and her certifying the *Williams IV* administrative record for the Goffman Letter violated 18 U.S.C. §208(a) based on her financial interest in avoiding restitution and damages. *See* Dep't of Justice, Office of Legal Counsel, *Financial Interests of Nonprofit Organizations*, 2006 OLC LEXIS 1, at *34 (Jan. 11, 2006) (covered "financial interest" includes "some seemingly obvious examples of a financial interest, such as the interest of a defendant in a potential judgment against him in a tort action"). These were not merely prophylactic violations. Newberg used her insider position to advance her financial interests via a self-interested and false certified administrative record and failed to correct the false record, even after Williams served evidence of its falsity on her counsel in district court.

Neither Goffman nor Newberg obtained an advance 18 U.S.C. §208(b)(1) waiver before participating in Williams-related proceedings. *See* Facts, ¶12.

## II. WILLIAMS HAS NO OTHER ADEQUATE REMEDY.

Although district-court APA review can apply where special statutory review is inadequate or absent, 5 U.S.C. §703, the Clean Air Act assumes that merits review will occur here, *See* 42 U.S.C. §7607(e). Even if Congress did not make that jurisdiction exclusive, the longstanding rationale for confining merits review to

appellate petitions is efficiency and uniformity. *See*, *e.g.*, *Whitney Nat'l Bank v. Bank of New Orleans & Tr. Co.*, 379 U.S. 411, 421-22 (1965); *FCC v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 468 (1984); *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 75-77 (D.C. Cir. 1984) ("*TRAC*"); *Sierra Club v. Thomas*, 828 F.2d 783, 787 (D.C. Cir. 1987) (applying *TRAC* to Clean Air Act), *abrogated in part on other grounds*, Pub. L. No. 101-549, §707(f), 104 Stat. 2399, 2683 (1990).

The key question is the *extent* to which the 1990 amendments abrogated *Thomas* to bring forward disfavored bifurcation of merits review via disfavored repeal by implication. *Cook Cty. v. United States ex rel. Chandler*, 538 U.S. 119, 132 (2003). The better view is that—for relief *unlawfully withheld* under 5 U.S.C. §706(1)—exclusive review remains in this Court, notwithstanding the 1990 amendments to the citizen-suit provisions:

- APA merits review (*i.e.*, relief unlawfully withheld) remains here: "it would not be maintainable … that … citizen-suit provision are exclusive, supplanting those provided by the APA." *Bennett*, 520 U.S. at 175. Williams seeks this review here.

- APA relief against relief unreasonable delay may lie in district court in most cases. *Portland Cement Ass'n v. EPA*, 665 F.3d 177, 194 (D.C. Cir. 2011) ("the Clean Air Act's citizen suit provision may in appropriate circumstances provide a check against indefinite stalling by EPA") (cleaned up); *Mexichem*,

787 F.3d at 553 n.6. For Williams' claim that EPA has acted finally or never acted finally, this review cannot displace APA review.

This Court should hear Williams' merits challenge.

In *Williams II*, the *opinion* discussed unreasonable delay, but the *judgment* jurisdictionally dismissed an unlawful-withholding claim to compel EPA to grant Williams' application. *See* Order 1 (Dec. 21, 2023) (Add:329a). It is "judgments, not opinions" that count, *Harvey v. District of Columbia*, 798 F.3d 1042, 1056 (D.C. Cir. 2015) (cleaned up), so *Williams II* held that the district court can compel EPA to grant Williams' application. That may have been unintentional or even error, driven partly by EPA's deception about the Administrator's having pre-authorized EPA staff's 2022 actions. If intentional, this Court could reiterate that holding, thereby clarifying this issue over EPA's district-court opposition. *See* Facts, ¶7, *supra*. If review is absent or inadequate here for any reason, review lies in district court, 5 U.S.C. §703, and this Court's transfer would resolve the jurisdictional dispute. *See* Section IV, *infra*.

## III. NO OTHER RATIONALE BARS MANDAMUS RELIEF.

Williams also meets the "totality of the circumstances" criterion for mandamus relief. *In re Clinton*, 973 F.3d 106, 117-18 (D.C. Cir. 2020). Although this criterion lacks significant precedent, several circumstances make mandamus appropriate:

- EPA's clear abuses of discretion, *Cheney*, 542 U.S. at 380; Sections I.C.1-I.C.3, *supra*, and criminal misconduct, Sections I.D.3.a-I.D.3.c, *supra*.

- The six-factor *TRAC* test for agency action unreasonably delayed or unlawfully withheld. *TRAC*, 750 F.2d at 79-80;[1] *Thomas*, 828 F.2d at 792-96, *abrogated in part on other grounds*, Pub. L. No. 101-549, §707(f), 104 Stat. at 2683; *In re UMW Int'l Union*, 190 F.3d 545, 551 (D.C. Cir. 1999) (applying *TRAC* to determine whether to grant mandamus).

- Avoiding future legal error and eliminating legal uncertainty in important areas, *Clinton*, 973 F.3d at 118; *Bennett*, 520 U.S. at 175 (citizen-suit provisions do not displace APA review).

This Court should clarify that citizen suits cannot supplant APA merits review.

## IV. IF THIS COURT LACKS JURISDICTION, TRANSFER TO THE DISTRICT COURT IS WARRANTED.

If statutory subject-matter jurisdiction is absent or inadequate, this Court nonetheless "has jurisdiction to determine its jurisdiction," *Consolidated Edison Co.*

---

[1] The *TRAC* factors are met: EPA's evasion was unreasonable; 5 U.S.C. §555(b) required reasonably timely action under EPA's regulatory deadline; EPA's invasion of Williams' due-process, equal-protection, and First-Amendment rights is egregious beyond mere economic regulation; the relief requested would not impose on EPA's regulatory timing; EPA's irrational conduct outlined in Sections I.C.1-I.C.3, *supra*, and I.D.3.a-I.D.3.c, *infra*, severely prejudices Williams without EPA benefit; and although not required, EPA staff's misconduct amply justifies judicial intervention. *Id.*

*v. Bodman*, 449 F.3d 1254, 1257 (D.C. Cir. 2006), and to transfer to the district court. *See* 28 U.S.C. §1631; 5 U.S.C. §703; *compare POET Biorefining, LLC v. EPA*, 970 F.3d 392, 404-05 (D.C. Cir. 2020) (Clean Air Act finality is jurisdictional) *with John Doe, Inc.*, 484 F.3d at 565 (APA finality is nonjurisdictional); *Weaver v. Fed. Motor Carrier Safety Admin.*, 744 F.3d 142, 145 (D.C. Cir. 2014). In district court, EPA opposes leave to include Williams' claims, Facts, ¶7, *supra*, so this Court should conclusively resolve the jurisdictional issue now. *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976) (federal courts' "virtually unflagging obligation" to exercise their jurisdiction). Williams has a First Amendment right to petition *some court*, and this Court should clarify *which court*.

## CONCLUSION

A writ of mandamus should issue to compel any relief the Court deems proper.

Dated: May 4, 2026     Respectfully submitted,

/s/ Lawrence J. Joseph
_____
Lawrence J. Joseph

1250 Connecticut Ave, NW, Suite 700
Washington, DC 20036
Tel: 202-899-2987
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Petitioner Peter Williams*

## CERTIFICATE OF COMPLIANCE

1.  The accompanying combined document complies with the type-volume limitation of FED. R. APP. P. 21(d)(1) because it contains 7,800 words, excluding the parts of the document exempted from counting.

2.  The foregoing document complies with the typeface and type style requirements of FED. R. APP. P. 32(a)(5)-(6) because it was prepared in a proportionally spaced typeface using Microsoft Word 365 in Times New Roman 14-point font.

Dated: May 4, 2026          Respectfully submitted,

/s/ Lawrence J. Joseph
_____
Lawrence J. Joseph

1250 Connecticut Ave, NW, Suite 700
Washington, DC 20036
Tel: 202-899-2987
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Petitioner Peter Williams*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on May 4, 2026, I electronically filed the foregoing document—together with its addendum—with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system and that I caused one true and correct copy of the foregoing document—together with its addendum—to be served on the following by postage-prepaid Federal Express, next-day delivery:

Hon. Todd W. Blanche
Acting U.S. Attorney General
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Tel: 202-514-2000

Hon. Lee M. Zeldin, Administrator
Environmental Protection Agency
1200 Pennsylvania Avenue NW
Mail Code: 1101A
Washington, DC 20460
Tel: 202-564-4700

Sean Donahue
EPA Office of General Counsel
Ariel Rios Building (MC: 2310A)
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460
Tel: 202-564-7153

/s/ Lawrence J. Joseph
Lawrence J. Joseph
1250 Connecticut Ave, NW, Suite 700
Washington, DC 20036
Tel: 202-899-2987
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Petitioner Peter Williams*